IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD WESLEY, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| JASON DOMBROWSKI and | : | |
| DANIEL ADOLFSON, | : | |
|     Defendants. | : | No. 03-4137 |

MEMORANDUM

PRATTER, J.                                                                                                   JUNE 25, 2008

The Court granted Defendants' Motion for Summary Judgment on August 31, 2007, entering judgment in Defendants' favor as to all of Plaintiff Ronald Wesley's claims (Docket No. 58).[1]  Thereafter, Defendants Adolfson and Dombroski[2] filed a Bill of Costs with the Clerk of Court (Docket No. 60), seeking to tax costs against Mr. Wesley in the amount of $785.75.  These costs consist of "fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case."  (Def. Bill of Costs.)[3]

Over Plaintiff's objections (Docket No. 61), the Clerk taxed costs and entered judgment

---

[1] Mr. Wesley is an inmate in the custody of the Pennsylvania Department of Corrections and incarcerated at the State Correctional Institution at Graterford.  In this lawsuit, Mr. Wesley claimed under 42 U.S.C. § 1983 that corrections officers Dombroski and Adolfson used excessive force while transporting him from Graterford's dispensary back to his cell on August 6, 2001, in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment.  Initially proceeding as his own counsel, Mr. Wesley later was represented by counsel in these proceedings, and counsel continues to represent him ably in the instant dispute over costs.

[2] Mr. Dombroski's name is spelled incorrectly as "Dombrowski" in the caption.

[3] The quoted language appears in the standard "Bill of Costs" form used by all federal district courts.  The relevant statute permits the district court judge or clerk to tax as costs the "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. § 1920(2).

against Mr. Wesley in the requested amount of $785.75 (Docket Nos. 63-64).

Mr. Wesley now moves for the Court's review of the Clerk's entry of judgment of costs (Docket No. 65), and requests that the Court vacate the taxation of costs in its entirety. In support of his motion, Mr. Wesley argues that costs should not be imposed because (1) he is indigent and unable to pay the amount taxed; and (2) his claims in this action were not frivolous.[4] Defendants oppose Mr. Wesley's motion (Docket No. 65).

For the reasons provided below, the Court will deny in part and grant in part Mr. Wesley's motion.

**DISCUSSION**

**I.    LEGAL STANDARD**

Under former Fed. R. Civ. P. 54(d)(1), the rule in effect when Defendants applied for costs in this action, the prevailing party in a federal civil action is entitled to costs "as of course," except in cases in which either a federal rule or statute otherwise provides, or in cases in which the district court "otherwise directs." Fed. R. Civ. P. 54(d)(1);[5] see also In re Paoli R.R. Yard

---

[4] Mr. Wesley presented these same objections to Defendants' Bill of Costs before the Clerk had entered judgment. (See Docket No. 61.)

[5] Former Rule 54(d)(1), in its entirety, provided as follows:

Costs Other than Attorneys' Fees. Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Fed. R. Civ. P. 54(d)(1) (emphasis added).
This rule was amended on December 1, 20007. As amended, Rule 54 provides that,

2

PCB Litig., 221 F.3d 449, 453 (3d Cir. 2000).  The clerk of court is charged with taxing such costs, but the district court "may" review the clerk's decision.  Fed. R. Civ. P. 54 (d)(1).  The district court's review of the clerk's determination of costs is de novo.  In re Paoli , 221 F.3d at 461.

The Court of Appeals for the Third Circuit noted that the phrase in the former rule that "costs . . . shall be allowed as of course" reflects the rule at law that costs be awarded to the prevailing party "automatically," id at 457, and that there is a "strong presumption" that costs are to be awarded to the prevailing party, id. at 462.  The losing party bears the burden of showing that an award of costs is inequitable under the circumstances.  Id. at 462-63.

A district court may consider the following factors in reviewing a clerk's award of costs: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." Id. at 468.  In contrast, however, a district court may not consider "(1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues – in and of themselves – in the underlying litigation; or (3) the relative disparities in wealth between the

---

unless a federal statute, the Federal Rules of Civil Procedure or a court order provides otherwise, costs (excluding attorney's fees) "should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1) (as amended, Dec. 1, 2007) (emphasis added).  Because Defendants submitted their Bill of Costs before the Rule was amended, the former Rule applies here.  However, the Court notes that the Advisory Committee Notes relating to the 2007 amendments states that "[t]he language of Rule 54 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only."  Fed. R. Civ. P. 54, Notes of Advisory Committee on 2007 Amendments.

parties." Id.   The Court emphasized that "[o]nly if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." Id.

## III.   DEFENDANTS' BILL OF COSTS

Defendants seek the total costs assessed by two different court reporting services relating to obtaining the transcripts from the depositions of Messrs. Wesley, Dombroski and Adolfson. Defendants submitted a separate invoice for each of these depositions, and seek the costs summarized in the following chart:

| Deponent | Itemized Charge | Costs |
|---|---|---|
| *Ronald Wesley* | Original plus one copy of the transcript | $215.60 |
| | Court reporter's appearance | $60.00 |
| | Delivery | $7.00 |
| | Sub-Total | **$282.60** |
| *Jason Dombroski* | One copy of deposition transcript | $242.00 |
| | Exhibits | $10.75 |
| | Sub-Total | **$252.75** |
| *Daniel Adolfson* | Copy of transcript of testimony from video deposition | $249.90 |
| | Exhibits | $.50 |
| | Sub-Total | **$250.40** |
| | **Total Costs Sought by Defendants** | **$785.75** |

As discussed below, Mr. Wesley objects to paying any and all costs sought by the Defendants. However, Mr. Wesley has not argued that any of the particular costs sought by Defendants are inappropriate, or are not recoverable under Section 1920(2) and should not be

4

awarded. Nonetheless, the Court will assess whether the costs sought by Defendants are properly recoverable by statute and under the circumstances of this case.

Mr. Wesley does not dispute that the three depositions at issue here were "necessarily obtained for use in this case." Indeed, transcripts from all three depositions were made part of the summary judgment record by the parties, and were relied upon by the Court in deciding Defendants' motion for summary judgment.

With respect to the particular costs sought by Defendants, the Court would normally expect a defendant to forego seeking from a prisoner litigant what on the surface may seem to be "a pound of flesh." However, the Court is mindful that the Defendants are, in this instance, public servants whose legal costs are otherwise borne by the public treasury and, thus, the Defendants are not necessarily entirely at liberty to opt against seeking their costs. Therefore, having reviewed the matter, the Court finds that all of the costs sought by Defendants are appropriate except for delivery fees and fees related to additional copying of exhibits used at the deposition.

Generally, the prevailing party is entitled to be reimbursed for the original and one copy of the transcript. Gray v. Burke, No. 05-C-0059, 2007 U.S. Dist. LEXIS 83314, at * 10 (N.D. Ill. Nov. 9, 2007). In addition, most courts have permitted the prevailing party to recover the fee charged by the court reporter for his or her "appearance." See Fairley v. Andrews, No. 03-C-5207, 2008 U.S. Dist. LEXIS 28325, at *16-17 (N.D. Ill. Apr. 8, 2008) (affirming $100 court reporter "appearance" fee, finding that "attendance or appearance fees are recoverable under Section 1920(2)"); Gray, 2007 U.S. Dist. LEXIS 83314, at * 10 (finding that § 1920(2) permits an award of costs for the court reporter's appearance fee); Doughty v. Tenn. Valley Towing, Inc.,

No. 04-CV-173, 2007 U.S. Dist. LEXIS 77915, at *8-9 (W.D. Ky. Oct. 19, 2007) (finding the court reporter appearance fees requested by defendant to be reasonable and necessary); Lahrichi v. Lumera Corp., No. 04-2124, 2007 U.S. Dist. LEXIS 37208, at *22 (W.D. Wash. May 22, 2007) (finding that court reporters' "appearance fees" are encompassed in the phrase "Fees of the court reporter" of 28 U.S.C. § 1920(2)); Hildebrandt v. Hyatt Corp., No. 02-CV-0003, 2006 U.S. Dist. LEXIS 59902, at *40-41 (S.D. Ohio Aug. 24, 2006) (permitting prevailing party to recover court reporter appearance fees); Ismail v. Potter, No. 05-C-409, 2006 U.S. Dist. LEXIS 92158, at *8 (N.D. Ill. Dec. 20, 2006) (finding that reasonable court reporter appearance fees are recoverable); Price v. United Techs. Corp., No. 99-8152, 2000 U.S. Dist. LEXIS 21504, at *4-5 (S.D. Fla. Nov. 16, 2000) (finding that appearance fee, unlike lodging and food expenses, is directly related to the preparation of the transcript and is recoverable); see also Arrambide v. Wal-Mart Stores, Inc., 33 Fed. Appx. 199, 203 (6th Cir. Tenn. 2002) ) (non-precedential) (finding that court reporter's appearance fee is necessary to take a deposition; affirming district court's ruling taxing costs for the appearance fee); but see Newman v. Hous. Auth., No. 06-60359, 2007 U.S. Dist. LEXIS 6797, at *7 (S.D. Fla. Jan. 31, 2007) (finding that appearance fees of the court reporter are not listed in § 1920, restricting defendant from recovering those costs); Hansen v. Sea Ray Boats, 160 F.R.D. 166, 167 (D. Utah 1995) (finding that court reporters' "appearance fee" was separate and independent from the actual transcription of the deposition, and was not recoverable); Viacao Aerea Sao Paulo v. Intern. Lease Fin. Corp., 119 F.R.D. 435, 439 (C.D.Cal. 1988) (finding that costs incident to the depositions, e.g., the court reporter's "per diem" charge, lodging and eating expenses, were not recoverable because § 1920(2) does not provide for taxation of those items).

Although the depositions of Mr. Wesley and Mr. Dombroski were taken in person, the deposition for Mr. Adolfson proceeded via video. The rule in this Circuit is that costs for videotapes or written transcripts are taxable, but not both. See Sampathachar v. Fed. Kemper Life Assur. Co., No. 03-5905, 2007 U.S. Dist. LEXIS 922, at *6 (E.D. Pa. Jan. 8, 2007); Herbst v. General Accident Ins. Co., No. 97-8085, 2000 U.S. Dist. LEXIS 11952, at *5 (E.D. Pa. Aug. 21, 2000); In re Paoli R.R. Yard PCB Litig., No. 86-2229, 1999 U.S. Dist. LEXIS 12139, at *23-24 (E.D. Pa. Aug. 2, 1999).

On the other hand, however, most courts do not appear to permit a prevailing party to recover costs for delivery of transcripts or excess copying that the party could have done on its own. See Lockridge v. HBE Corp., No. 06-CV-01644, 2008 U.S. Dist. LEXIS 37765 (E.D. Mo. May 8, 2008) (finding that 28 U.S.C. § 1920 does not authorize taxing postage and delivery expenses); Gray, 2007 U.S. Dist. LEXIS 83314, at *10 (finding that costs for extra copies or delivery and shipping charges are not generally recoverable under § 1920); Ruminer v. GMC, No. 03-CV-00349, 2006 U.S. Dist. LEXIS 32644, at *4 (E.D. Ark. May 19, 2006) (finding that delivery costs or postage expenses are not recoverable under § 1920) (citing Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006)).

In this case, Defendants seek reimbursement the costs of transcripts themselves (for the "live" depositions), and the appearance fee for Mr. Wesley's deposition. With respect to Mr. Adolfson's deposition, which was taken via video, Defendants seek reimbursement only for the written transcription of a video deposition. All of these costs are recoverable under Section 1920(2). However, the costs associated with delivery and exhibits are not recoverable. Therefore, the Court will deduct $18.25 from the total of the costs sought by Defendants, leaving

a revised total of $767.50.

The Court will now review Mr. Wesley's objections to the Clerk's Taxation of Costs.

## II. MR. WESLEY'S MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS

In his motion, Mr. Wesley argues that costs should not be imposed here because (1) he is indigent and unable to pay the amount taxed; and (2) his claims in this action were not frivolous. The Court will discuss both arguments in turn.

### A. Mr. Wesley's Indigence

As stated above, the losing party's indigence and inability to pay the full amount levied are factors that the Court may consider in this context. In re Paoli, 221 F.3d at 468. "[I]f a losing party is indigent or unable to pay the full measure of costs, a district court may, but need not automatically, exempt the losing party from paying costs." Id. at 464 (emphasis added). Therefore, a finding of indigence does not require the Court to reduce costs to zero. Nw. Mut. Life Ins. Co. v. Babayan, 253 F. App'x 205, 207 (3d Cir. 2007) (non-precedential).

In assessing Mr. Wesley's indigence, the Court measures his financial condition as it compares to whatever award the Court decides to tax against him. In re Paoli, 221 F.3d at 464 n.5. However, as the court of appeals noted in In re Paoli, "there are no hard and fast rules for assessing a losing party's indigency or inability to pay; district courts should use their common sense in making this determination." Id.

In support of his argument that he is indigent and unable to pay the full amount of costs, Mr. Wesley argues that he (1) has been incarcerated since July 1996; (2) has been unemployed within the prison system since October 2000; and (3) has no source of income other than limited money that he receives from his family, which, he claims, covers only basic necessities and

medical needs.

When Mr. Wesley first objected to Defendants' Bill of Costs, he submitted for the Clerk's consideration a letter he wrote to his counsel essentially repeating, without providing any explanation, the three contentions stated above. He did not submit <u>any other evidence</u> supporting his claim of indigence, including, for example, an affidavit attesting to his indigence,[6] costs of his basic necessities or medical care, or a statement from his inmate trust fund account.[7]

However, as part of the record before the Clerk of Court, Defendants submitted Mr. Wesley's inmate account statements from April to November 2007 (dated as of November 27, 2007), in support of their argument that Mr. Wesley is able afford to pay such costs, at least incrementally. This account statement shows that from April to November 2007 Mr. Wesley received somewhat regular gifts from family and/or friends, ranging from $10 to $100. Costs of postage, xerox copies, and items from the prison commissary comprised all of Mr. Wesley expenditures during this period. From April to November 2007, the balance of Mr. Wesley's account ranged from a high of $137.84 to a low of $1.80.[8]

---

[6] In <u>In re Paoli</u>, the court of appeals took into account affidavits presented by the plaintiffs regarding their indigence and inability to pay the costs assessed by the district court in that case. 221 F.3d at 464.

[7] The Court notes that Mr. Wesley requested to proceed <u>in forma pauperis</u> in this action, which request was granted, and that he did submit his inmate trust fund statement in August 2003 in support of this request, shortly after this action was filed in July 2003. However, the August 2003 inmate trust fund statement was the last statement Mr. Wesley submitted to the Court on his own initiative.

[8] Mr. Wesley's balance was $55.40 at the end of April 2007; $26.59 at the end of May 2007; $15.25 at the end of June 2007; $53.99 at the end of July 2007; $38.99 at the end of August 2007; $36.04 at the end of September 2007; $1.80 at the end of October 2007; and $26.90 at the end of November 2007. The average end-of-month balance of Mr. Wesley's account during this period was $31.87.

Mr. Wesley did <u>not</u> submit <u>any</u> <u>evidence</u> in support of his motion requesting the Court to review the Clerk's Taxation of Costs. With the assistance of counsel, Mr. Wesley merely submitted a two-page motion repeating the same arguments that he had raised in his initial objections to the Defendants' Bill of Costs.

### B. Mr. Wesley's Claims were Not Frivolous

Secondly, Mr. Wesley argues that he should be excused from paying costs because his claims in this action were not frivolous, and his counsel handled the case efficiently. However, the fact that Mr. Wesley's claims in this action were not frivolous, a fact which Defendants do not dispute, is not a permissible consideration under <u>In re Paoli</u>. Therefore, the Court declines to consider Mr. Wesley's argument on this point.[9]

### C. Analysis

The federal statute governing <u>in forma pauperis</u> proceedings clearly authorizes the Clerk to tax costs against a party who was permitted to proceed <u>in forma pauperis</u>. See 28 U.S.C. § 1915(f)(2)(A) ("If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered."); <u>Smith v. SEPTA</u>, 47 F.3d 97, 100 (3d Cir. 1995) ("28 U.S.C. § 1915(e) and cases decided thereunder

---

[9] Mr. Wesley has not asserted, for example, that Defendants engaged in any "bad faith" tactics, which would be a relevant consideration under <u>In re Paoli</u>. Mr. Wesley merely notes that his counsel did not file "unnecessary motions or take pointless depositions," and that the only individuals deposed were the parties – Mr. Wesley and Officers Adolfson and Dombroski. Indeed, it is the costs for the court reporters for these three depositions that Defendants seek to recoup, and Mr. Wesley has not argued that the court reporters' fees associated with obtaining these transcripts was unnecessary or unreasonable. In fact, Mr. Wesley's counsel noticed the depositions of the two Defendants, and the transcripts, or portions thereof, from all three of these depositions were made part of the record for the Court's consideration of the Defendants' motion for summary judgment.

make clear that costs may be taxed against a party who is permitted to proceed in forma pauperis.").[10] It is Mr. Wesley's obligation to rebut the heavy presumption that costs will be awarded to the prevailing party in a litigation, In re Paoli, 221 F.3d at 462-63, and the Court concludes that he has failed to do so in this case.

While the Court is permitted to consider Mr. Wesley's indigence as a factor in determining is ability to pay costs, Mr. Wesley has presented no evidence of his indigence other than his own statement to that effect. In fact, Mr. Wesley's inmate account statement, submitted by Defendants, indicated that Mr. Wesley regularly received gifts from family and friends, and that he consistently maintained a positive balance. In sum, Mr. Wesley has offered no evidence that he is unable to pay at least a portion of the costs assessed by the Clerk in this case, nor has he offered any evidence to support his assertion that he spends the money he does receive on medical care or other "necessities." Moreover, although Mr. Wesley asserts that he has been unemployed within the prison system since 2000, he has not offered any evidence (or argument) to rebut the Defendants' contention that Mr. Wesley's lack of employment (and failure to receive any other compensation) is a "direct result of his own actions and misconduct." (Def. Resp. to Pl. Mot. Review 5 n.2.)

However, common sense dictates that, based on a review of the monthly balances of Mr. Wesley's inmate trust account, taxing Mr. Wesley with the full amount of costs of $767.50

---

[10] Indigent plaintiffs are required to pay the full filing fee to initiate an action in federal court; the accommodation for indigent plaintiffs is the allowance to pay the filing fee in increments. See 28 U.S.C. § 1915(b). The relevant statute also provides that if costs are taxed against an inmate, he may pay those costs incrementally under the same payment scheme as is provided for the payment of filing fees. See § 1915(f)(2)(B) ("The prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2).").

would be inequitable.  See Shetterly v. Sony Elecs., Inc., No. 02-862, 2007 U.S. Dist. LEXIS 78528, at *7-8 (W.D. Pa. Oct. 23, 2007) (finding that common sense indicated that the plaintiffs were unable to pay the full costs of $22,049.36 assessed by the clerk of courts; finding as a matter of equity, considering the equity in plaintiffs' house and approximately $2,400 in bank accounts, that plaintiffs had the ability to pay costs in the amount of $1,500).  Mr. Wesley appears to rely entirely on gifts from family and friends to provide a minimal source of income for his discretionary use during his incarceration.  The average end-of-month balance of Mr. Wesley's account was a meager $31.87.  However, as the Defendants note (and Mr. Wesley has failed to contradict), Mr. Wesley's basic food and medical care are paid for by the state.  His expenditures, which almost entirely consist of items from the prison commissary, appear to be discretionary.  Moreover, Mr. Wesley has not explained why he is unable to work and earn income while he is incarcerated.  In making these deductions and observations, the Court is not suggesting that it has found that Mr. Wesley is a malingerer or should not be able to have the basic enjoyment that comes with indulging oneself modestly by way of an occasional, even frivolous purchase or, as is more likely, an item of a more useful, though not essential, nature.  However, those sentiments do not answer the statutory and judicial pronouncements calling for supporting the awarding of costs here.

After considering the totality of the circumstances, the Court finds that Mr. Wesley has a limited ability to pay some costs, and that as a matter of equity, Mr. Wesley shall pay costs in the amount of $500.00.  This sum comprises roughly two-thirds of the total costs sought by the Defendants, and represents the approximate costs of the two depositions noticed by Mr. Wesley himself.  Mr. Wesley has the ability to pay this amount by modest installment payments, as

provided under 28 U.S.C. § 1915(b).

An Order consistent with this Memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD WESLEY,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **JASON DOMBROWSKI and** | : | |
| **DANIEL ADOLFSON,** | : | |
| Defendants. | : | No.  03-4137 |

**O R D E R**

**AND NOW**, this 25th day of June, 2008, upon consideration of the Clerk's Taxation of Costs (Docket No. 63), Mr. Wesley's Motion to Review the Clerk's Taxation of Costs (Docket No. 65), and Defendants' response thereto (Docket No. 66), for the reasons discussed in the accompanying Memorandum, **IT IS ORDERED** that:

1. The Motion (Docket No. 65) is **GRANTED IN PART** and **DENIED IN PART**;

2. The Clerk's Taxation of Costs (Docket No. 63) and the Judgment entered against Mr. Wesley (Docket No. 64) in the amount of $785.75 are **VACATED**;

3. Costs in the total amount of $500.00 are taxed against Mr. Wesley and awarded to Defendants;

4. The Clerk shall enter a judgment in favor of Defendants and against Mr. Wesley in the amount of $500.00;

5. The Superintendent or other appropriate official at S.C.I. Graterford or at any prison at which Mr. Wesley may be incarcerated shall, until the full amount of costs is paid, deduct from Mr. Wesley's account, each time Mr. Wesley's inmate trust fund account exceeds $10, an amount no greater than 20 percent of the money credited to his account during the preceding month and forward that amount, to be credited to Civil Action No. 03-4137, to

        the following address for disbursement consistent with this Order:

               United States District Court
               Eastern District of Pennsylvania
               Office of the Clerk of Court
               U.S. Courthouse
               601 Market Street, Room 2609
               Philadelphia, PA 19106-1797

6.    The Clerk of Court is directed to forward a copy of this order to the Superintendent of S.C.I. Graterford.

                                                          BY THE COURT:

                                                          <u>S/Gene E.K. Pratter</u>
                                                          GENE E.K. PRATTER
                                                          United States District Judge